DA 08-0167

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 454N

PATSY A. TUCKER,

      Plaintiff and Appellant,

    v.

STATE OF MONTANA, ex rel., MIKE McGRATH, Attorney
General, and JANIE McNAIR a/k/a CLYSTA JANIE
McNAIR, resident of Libby, Montana,

      Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District,<br>In and For the County of Lewis and Clark, Cause No. CDV 2007-589<br>Honorable Thomas C. Honzel, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Patsy Ann Tucker (Self-Represented), Idaho Falls, Idaho

      For Appellee State of Montana:

          Hon. Mike McGrath, Montana Attorney General, Jennifer M. Anders,
          Assistant Attorney General, Helena, Montana

      For Appellee Janie McNair:

          Anne G. Biby, Hash, O'Brien & Biby, PLLP, Kalispell, Montana

                    Submitted on Briefs:  December 3, 2008

                              Decided:  December 30, 2008

Filed:

                            Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     On August 15, 2002, eleven-year-old Cathryn Tucker (Cady) was killed in an automobile accident when the car in which she was a passenger was struck by another car driven by Janie McNair. At the time of the accident, McNair, an insulin-dependent diabetic who is missing her left forearm, was not cited by the Montana Highway Patrol for any criminal violations. Missoula Deputy County Attorney Karen Townsend was assigned to handle the case. Townsend did not file misdemeanor traffic charges against McNair within the prescribed one-year statute of limitations. Section 45-1-205(2)(b), MCA.

¶3     In 2003, Cady's mother, Patsy Tucker (Tucker), requested that Townsend bring felony negligent homicide charges against McNair. Townsend declined at that time, explaining the State could not satisfy its burden of proof that McNair acted with the requisite criminal intent. However, in May 2007, the county attorney's office asked Montana Attorney General Mike McGrath to review the county's file on the matter and advise whether criminal charges were warranted. McGrath's office concluded that criminal charges were not warranted. Upon notification of McGrath's conclusion,

2

Tucker sent him a letter asking him to order the Missoula County Attorney to bring such charges against McNair. McGrath refused.

¶4 Tucker filed her pro se civil complaint against McGrath, the state of Montana, and McNair in the First Judicial District Court on August 13, 2007. Tucker appears to be suing the State and McGrath for McGrath's failure to exercise supervisory authority over the Missoula County Attorney's Office by instructing that office to file criminal charges against McNair. The complaint fails to identify any particular claim against McNair. Tucker asked the court to preserve the statute of limitations for bringing felony criminal charges and to require the Montana Attorney General to bring such charges. Both McNair and McGrath filed timely motions to dismiss under M. R. Civ. P 12(b)(6), MCA.

¶5 In February 2008, the First Judicial District Court granted both the State's and McNair's motions. It concluded that the one-year statute of limitations for misdemeanor offenses had run, as had the five-year statute of limitations for most felony criminal offenses. It determined that it had no authority to either toll or extend these limitations' periods. The court acknowledged, however, that prosecution for negligent homicide has no statute of limitations, § 45-1-205(1)(a), MCA, and therefore could be commenced at any time. Consequently, the District Court turned to Tucker's second prayer for relief—a court order requiring the Attorney General to pursue such a prosecution for negligent homicide. The District Court concluded that a court, which is part of the judicial branch of government, does not have the authority to require the attorney general, an agent of the executive branch of government, to initiate a prosecution, and that to do so would violate the principle of separation of powers. The court also recognized that both the Missoula

County Attorney and the State Attorney General had carefully reviewed the case and concluded that criminal charges were not warranted. The court determined that their decisions not to prosecute were authorized under the concept of prosecutorial discretion.

¶6 Additionally, the District Court noted that, while it did not appear from the complaint that Tucker was seeking a civil remedy against McNair, the applicable civil statute of limitations had expired three years after the accident and therefore precluded such a claim by Tucker against McNair. The court further noted that it appeared from the record that Tucker had filed a civil action against McNair in 2003 and McNair had filed a Consent to Default Judgment.

¶7 Tucker appeals the District Court's dismissal of her complaint. The dispositive issue on appeal is whether the District Court erred in granting McNair's and McGrath's motions to dismiss.

¶8 We review de novo a district court's ruling on a motion to dismiss under M. R. Civ. P. 12(b)(6), MCA. We affirm a district court's decision granting a motion to dismiss "when we conclude that the plaintiff would not be entitled to relief based on any set of facts that could be proven to support the claim." Whether a complaint states a claim for which relief can be granted is a question of law which we review for correctness. *Good Schools Missoula v. Pub. School Dist.*, 2008 MT 231, ¶ 15, 344 Mont. 374, ¶ 15, 188 P.3d 1013, ¶ 15 (internal citations omitted).

¶9 We sympathize with Tucker and understand her frustration. Nonetheless, we must follow the law. It is appropriate to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for

4

memorandum opinions. The District Court correctly determined that the statutes of limitations for both the misdemeanor and civil claims had expired. The court also correctly concluded that while a prosecution for negligent homicide could be commenced at any time, it did not have the lawful authority to order the Attorney General to pursue such a prosecution. Based upon the court's appropriate legal analysis and conclusions, Tucker was not entitled to the relief she sought and the District Court correctly granted the motions to dismiss. We therefore affirm the judgment of the District Court.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ BRIAN MORRIS

5